UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARNELL CREDELL,

                Plaintiff,

-against-

C.O. ALLEN; C.O. WATSON,

                Defendants.

21-CV-9759 (LTS)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is a prisoner at Fishkill Correctional Facility, filed this action *pro se* and seeks to proceed *in forma pauperis* (IFP). The Court directs Plaintiff to show cause, by filing a written declaration within 30 days, why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

    The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action or appeal under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    The Court finds that Plaintiff has accumulated three strikes for purposes of Section 1915(g) in connection with these civil actions and appeals brought while he was a prisoner. *See Credell v. Dunne,* ECF 1:16-CV-05499, 13 (S.D.N.Y. July 28, 2017) ("Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)"); *Credell v. Dawley,* No. 17-1578 (2d Cir. Aug. 31, 2017) (appeal

"DISMISSED because it 'lacks an arguable basis either in law or in fact.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)"); *Credell v. Hurt*, 6:20-CV-07108 (FPG) (W.D.N.Y. Oct. 8, 2021) (amended complaint, filed while Plaintiff was a prisoner at Attica Correctional Facility, dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A for failure to state a claim). Plaintiff is therefore barred under Section 1915(g) from filing any new actions IFP while he is a prisoner, unless he is "under imminent danger of serious physical injury."

To show that a prisoner's complaint falls within the imminent danger exception, "it is not sufficient to allege that 'harms . . . had already occurred'" before the complaint was filed. *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) ("[A] three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed."). Allegations of past violence can, however, satisfy the imminent danger exception when, for example, the past harms are part of an ongoing pattern that is continuing. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception."). The complaint must also "reveal a nexus between the imminent danger it alleges and the claim it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). In evaluating whether such a nexus exists, the Court should consider "(1) whether the imminent danger of serious physical injury . . . allege[d] is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298-99 (emphasis in original).

Here, Plaintiff brings this action against Correction Officers Allen and Watson, who were allegedly on duty when other prisoners assaulted Plaintiff. Plaintiff alleges that, before

2

intervening in the assault on Plaintiff, Defendants contacted the sergeant and waited until he arrived, which took nearly ten minutes. Plaintiff attaches to the complaint an inmate misbehavior report, which states that Plaintiff should be placed in protective custody – both for his own safety and because he had threatened to retaliate against his attackers. (ECF 2 at 7.) Plaintiff's complaint does not appear to satisfy the imminent danger exception because he does not show that he is currently facing imminent danger of serious physical injury that a favorable judicial outcome would redress.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration, within 30 days, showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff can also include any facts in his declaration that would show that he is facing imminent danger of serious physical injury that a favorable judicial outcome in this matter would address.

If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application on the ground that he is barred under Section 1915(g) from proceeding IFP while a prisoner, and dismiss the action without prejudice to Plaintiff's refiling it with a payment of the filing fee.[1]

---

[1] Section 1915(g) does not bar Plaintiff from filing a new case by prepaying the filing fee.

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration, within 30 days, explaining any reason why he is not be barred under Section 1915(g). For Plaintiff's convenience, a declaration form is attached to this order. The declaration must be submitted to the Court's Pro Se Intake Unit and bear the docket number 21-CV-9759 (LTS). If Plaintiff's declaration does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application on the ground that he is barred under Section 1915(g) from proceeding IFP while a prisoner, and dismiss the action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 29, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## **DECLARATION**

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address    City    State    Zip Code | |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |