UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARNELL CREDELL,

                Plaintiff,

-against-

C.O. ALLEN; C.O. WATSON,

                Defendants.

21-CV-9759 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On November 29, 2021, the Court (1) noted that while Plaintiff was a prisoner, he had filed three or more actions or appeals that were dismissed in their entirety as frivolous, malicious, or for failure to state a claim, and (2) directed Plaintiff, within thirty days, to show cause by declaration why he is not barred under 28 U.S.C. § 1915(g) from filing further actions IFP while he is a prisoner. Plaintiff filed a declaration, which the Court received on December 16, 2021. The declaration, however, does not show that Plaintiff does not have three qualifying dismissal ("three strikes") under section 1915(g).

## DISCUSSION

      The Court finds that while Plaintiff was a prisoner, he filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. In his declaration, Plaintiff indicates that he has appealed the order of dismissal in one of the cases which the Court counted as a strike, *Credell v. Hurt*, 6:20-CV-07108 (FPG) (W.D.N.Y. Oct. 8, 2021) (amended complaint, filed while Plaintiff was a prisoner at Attica Correctional Facility, dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a claim). The appeal remains pending. *See Credell v. Hurt*, 21-02769-pr (2d Cir. filed Nov. 5, 2021).

The Supreme Court has held that an order of dismissal can qualify as a strike even when it is the subject of a pending appeal. *Coleman v. Tollefson*, 575 U.S. 532, 537-41 (2015) ("A prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending."). Plaintiff's argument that he does not have three qualifying strikes – because he has appealed the dismissal order in one of the three actions that qualifies as a strike – must therefore be rejected.

In his declaration, Plaintiff also describes the difficulties that he has faced during his incarceration, and he argues that his prior actions were meritorious. In the context of this lawsuit, however, the Court cannot re-examine the decisions made in his prior actions. Rather, Plaintiff had an opportunity to challenge the orders of dismissal by taking appeals or making motions for reconsideration in the prior actions. *See, e.g., Coleman*, 575 U.S. at 540 (holding that "where a court of appeals reverses a third strike, in some instances the prisoner will be able to refile his or her lawsuit after the reversal, seeking *in forma pauperis* status at that time"). Because Plaintiff has not shown cause why the section 1915(g) bar does not apply, Plaintiff is barred from filing future actions IFP (that is, without prepaying the filing fee) while he is a prisoner unless he is under imminent threat of serious physical injury.

The Court therefore considers whether Plaintiff's complaint shows that he was under imminent threat of serious physical injury that can be remedied by this action. Plaintiff alleges that correction officers failed to protect him from an assault by other prisoners at Fishkill Correctional Facility that seriously injured him. As set forth in the Court's November 29, 2021, order, for a prisoner's complaint to come within the imminent danger exception, generally "it is not sufficient to allege that 'harms . . . had already occurred'" before the complaint was filed. *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (citation omitted); *Pettus v. Morgenthau*, 554

F.3d 293, 296 (2d Cir. 2009) ("[A] three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed.").

Allegations of past violence can satisfy the imminent danger exception, however, when the past harms are part of an ongoing pattern that is continuing. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception."). The complaint must also "reveal a nexus between the imminent danger it alleges and the claim it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). In evaluating whether such a nexus exists, the Court should consider "(1) whether the imminent danger of serious physical injury . . . allege[d] is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99 (emphasis in original).

Here, Plaintiff pleads that he suffered a past harm, but it is unclear if the potential for danger to Plaintiff was ongoing at the time that he filed the complaint. Plaintiff did attach to the complaint an "inmate protective custody" report, which indicated that he would be placed in protective custody, in part because he had threatened to retaliate against his attackers. Plaintiff also notes in his declaration that, "by the time the Court reads this declaration, I will not be in prison [any]more."[1] (ECF 5 at 4.) Plaintiff's complaint, which seeks damages from two correction officers who allegedly failed to protect him, thus does not show that a favorable judicial outcome would redress any imminent danger of serious physical injury.

---

[1] Public records of the New York State Department of Corrections and Community Supervision indicate that Plaintiff has been released to parole.

As Plaintiff correctly notes, however, section 1915(g) does not apply to future complaints that he files while he is not a prisoner. *See Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010) (holding that, after the plaintiff's release from prison, "if [plaintiff] chooses to refile his suit and can establish his eligibility for *in forma pauperis* status, he, like any non-incarcerated litigant, should be excused from paying the filing fee").[2]

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP and dismisses the complaint under the "three-strikes" rule, without prejudice to Plaintiff's refiling the complaint, with a new request to proceed IFP as a non-prisoner. *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 3, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] A prisoner who is barred under section 1915(g) can bring a new action with prepayment of the filing fee.

4